ELECTRIC GAS LIGHTING Co. *v.* TILLOTSON and another.

*(Circuit Court, S. D. New York.* September 18, 1884.)

PATENTS FOR INVENTIONS — REISSUE No. 9,743 — ELECTRICAL APPARATUS FOR LIGHTING STREET LAMPS.
    Claims 2 and 5 of reissued patent No. 9,743, granted to Jacob P. Tirrell, assignor, and dated June 7, 1881, for electrical apparatus for lighting street lamps, *held* invalid.

In Equity.
*Edwin H. Brown,* for orator.

*Edward N. Dickerson, Jr.,* for defendant.

WHEELER, J.   This suit is brought upon reissued letters patent No. 9,743, granted to Jacob P. Tirrell, assignor, and dated June 7, 1881, for electrical apparatus for lighting street lamps.   The original patent was No. 130,770, dated August 20, 1872.   The infringement complained of was made under patent No. 230,590, dated July 27, 1880, granted to the same Jacob P. Tirrell, assignor to George F. Pinkham, for an electric gas-lighting apparatus.   One of the defenses is that the reissue is not supported by the original.   The specifications of the original and reissue are precisely alike.   The original had three claims; for—

"(1) A circuit-breaker, located at the burner and operated automatically, substantially as described.   (2) In combination with the above, a lever adapted and arranged to open and close the stop-cock or valve of the burner, and carrying the circuit-breaker, substantially as herein described.   (3) The arms, $O^2$, sector wheels, $f$, $n$, pins, $ll^2$, $mm^3$, wires, M, N, magnet, E, lever, H, carrying the armature, G, circuit-breaker, $j$, and pawl, S, and the ratchet-wheel, R, all combined and arranged together, and applied to a gas-burner for operation, substantially as, and for the purposes set forth."

The reissue has six claims.   The first and sixth are for combinations not found nor claimed to be, in the alleged infringing device; the third is the same in each; and the fourth in the reissue is the same as the second in the original.   There is in the alleged infringement no lever to open and close the stop-cock, and carrying the circuit-breaker to form the combination of the original second, now the fourth, claim; nor arms, sector-wheels, pins, pawl, or ratchet-wheel, to form the combination of the constant third claim.   The only claims remaining, and the only ones relied upon here, are the second and fifth.   They are for—

"(2) In an apparatus for lighting gas by electricity, the helix of an electro-magnet, connected at one end with the wire through which the current of electricity is passed, and at the other end with a circuit-breaker located at the gas-burner, so arranged that the current of electricity is passed to the circuit-breaker through said magnet, attracting an armature actuating mechanism operating automatically to turn on the gas and light the same by the effects of the primary sparks made at the tip of the burner from said magnet in the circuit.   (5) In an apparatus for lighting gas by electricity, the combination of a wire through which a current of electricity is passed, actuating mechanism for letting on the gas, an electro-magnet electrically connected with said wire, an armature operated by said electro-magnet, mechanism actuated by said armature breaking the circuit at the burner tip and producing there an electric spark or sparks for lighting the gas, the whole operating automatically."

These claims do not refer to any mechanism described for turning on the gas or breaking the circuit, but are drawn to apply to any mechanism operative in the proper connection with the parts described for those purposes.   When the circuit is closed a current of electricity may be sent through the helix and around the circuit past the burner-tip.   This will charge the helix with electricity, so that

it will attract the armature to itself. If any mechanism is attached to the armature, so that the motion of the armature will break the circuit at the burner-tip, a spark will be found there from the flowing current, but the current, if not too powerful, will cease. This will relieve the helix from the charge of electricity and the armature from its attraction, and leave the armature free to move away from the helix, and, by its motion through the mechanism, to close the circuit, when, if the supply of electricity is continued, the operation will be repeated. The motion of the armature may, by appropriate mechanism, be made to open and close the stop-cock, as well as to break and close the circuit. These claims seem to be intended and appropriate to cover this arrangement of the wires and helix in the circuit with the circuit-breaker, and with the armature moving by the force of the current, and some mechanism by which the motion of the armature will break and restore the circuit and move the stop-cock, without regard to the form of the mechanism. The parts necessary to be described are well enough described with the arrangement of the whole; the rest is left to the common knowledge of those skilled in such matters. *Loom Co.* v. *Higgins*, 105 U. S. 580. But this arrangement of these parts was not claimed anywhere in the original patent as a part of the invention. The first and second claims contained no allusion to the wires, helix, or armature; the third was for these and several other parts, *all* combined and arranged together, and applied to a gas-burner for operation, thus showing an intention to claim that particular combination of the whole. *Gage* v. *Herring*, 107 U. S. 640; S. C. 2 Sup. Ct. Rep. 819; *Clements* v. *Odorless Apparatus Co.* 109 U. S. 641; S. C. 3 Sup. Ct. Rep. 525. The original patent stood nearly nine years before these claims were made. The right under which the defendant operates had accrued before they were made. They cannot be upheld now, as this case, and the decisions made upon this subject, are understood. *Miller* v. *Brass Co.* 104 U. S. 350.

Let there be a decree that these claims are invalid, and that the bill be dismissed, with costs.